May 16, 1904.

————o————

No. 3448.

(Court of Appeal, Parish of Orleans.)

MARY HARNEY vs. PHILIP QUAGLINO.

1.  Art. 233 Const. of 1898 is not involved herein, and the real issue is, as to what passed to the purchaser by the terms of the act under which he purchased.
2.  Section 63 of the revenue Act of 1898 provides that a sale under its terms "shall operate as a cancellation of all the *conventional and judicial mortgages*. The inclusion of two kinds of mortgages is necessarily an exclusion of the third, the legal mortgage which the law grants to minors on the property of their tutors.
3.  The preservation of the minors' mortgage is suggestive of danger and litigation and warrants defendant and adjudicatee in his refusal to accept title.

Appeal from Civil District Court, Division A.

Dart & Kernan, for plaintiff and appellee.

Guy M. Hornor and U. Marinoni, Jr., for defendant and appellant.

DUFOUR, J. This suit to compel defendant to take title is met with several defenses, one of which *alone* is corroborated by

the evidence that the property was encumbered with a minor's mortgage when plaintiff purchased it. The answer to this made by the plaintiff is that Act 170 of 1898, section 63, under which the right operates as a cancellation of all encumbrances, and that under Art. 233 Constitution of 1898, her title, being more than 3 years old with possession in her, is protected by three years from attack.

That the owner, tutor of his minor children and the children themselves could not under the circumstances, annul the title may be true, but, conceding this, the real issue is as to *what* passed to the purchaser at tax sale.

Section 63 of the Act of 1898 provides that a sale under it "shall operate as a cancellation of all *conventional* and *judicial.* mortgages." The inclusion of two kinds of mortgages is necessarily an exclusion of the third, the *legal* mortgage which the law grants to minors on the property of their tutors.

R. C. C. 3287, 3311, 3314.

The fact that the general mortgage originally existing by operation of law on all the immovables of the tutor was, with the advice of a family meeting, restricted to particular property, does not convert the mortgage from a legal to a conventional one.

The tax purchaser took only what the statute gave him, and it did not bestow protection against the minors' mortgage, which will be effective until emancipation or majority.

The fact that their claim may be exercised some day is suggestive of danger and litigation; hence, the defendant's refusal to accept title is warranted.

Judgment reversed, and plaintiff's demand rejected at her cost in both Courts.

May 16, 1904.

Rehearing refused May 30, 1904.